IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIM. NO. 1:24-cr-200-BAH |
| RICHARD MICHAEL ROE, | * | |
| | * | |
| Defendant. | * | |

*******

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America respectfully moves to exclude time from calculation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).

1. On May 22, 2024, the defendant made his initial appearance on a criminal complaint charging him with one Count of Cyberstalking in violation of 18 U.S.C. § 2261A.

2. On June 18, 2024, the Grand Jury for the United States District Court for the District of Maryland returned the Indictment in this case, charging one Count of Cyberstalking, in violation of 18 U.S.C. § 2261A, and eight Counts of Harassing Phone Calls, in violation of 47 U.S.C. § 223.

3. On June 20, 2024, the defendant appeared before United States Magistrate Judge Adam B. Abelson for his arraignment on the Indictment.

4. Counsel for the government has produced all discovery in its possession to the defendant and anticipates further productions for follow up.

5. The parties have engaged in preliminary discussions regarding discovery, motions, and future dates for trial. A premotions offer was extended to defense.

6. The defendant now consents (through his counsel of record) to the tolling of the Speedy Trial Act from March 7, 2025 to May 9, 2025 so that he may continue to review

discovery, prepare motions, and potentially seek a pretrial resolution.

7. 18 U.S.C. § 3161(h)(7)(A) provides support for the sought exclusion of time. It specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

8. "[D]elays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 F. App'x 54, 57-58 (4th Cir. 2008) (summary order) (citing 18 U.S.C. § 3161(h); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)); *see also United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) ("other proceedings" include plea negotiations between the parties).

9. Moreover, a number of courts have held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7)—the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g.*, *United States v. Fabian*, 798 F. Supp. 2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citations omitted); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

10. In light of the foregoing facts, the Government respectfully requests that the Court

issue an Order finding that the interests of justice served by excluding the time from November 25, 2024 to May 9, 2025, including preparation for trial and motions and discussions about a potential resolution of the case without a trial, outweighs the Defendant's and the public's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

      11.    A proposed Order for the Court's consideration is attached.

                                        Respectfully submitted,

                                        Pamela Jo Bondi,
                                        United States Attorney General
                                        Erik S. Seibert, United States Attorney,
                                        Eastern District of Virginia

By:         /s/
                                        Alessandra P. Serano
                                        Special Attorney to the United States
                                        Attorney General