**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA

v.

CRIM. NO. 1:24-cr-200-BAH

RICHARD MICHAEL ROE,

**Defendant.**

**DEFENDANT'S MEMORANDUM ON RESTITUTION**

Defendant Michael Richard Roe, through his undersigned attorneys, hereby submits this

Memorandum setting forth his position on restitution.

**I.      Background**

On December 8, 2025, Defendant agreed to plead guilty to Counts 2-6 of the Indictment

filed against him, which each count charging the Defendant with Making Harassing Phone calls in

violation of 47 U.S.C. § 223(a)(1)(C). In its sentencing memorandum, the United States requested

the following amounts of restitution:

Victim 1 - $79,834.32
Victim 2 - $24,966.82
Victim 3 - $9,761.96
Victim Business 2 - $303,780.00
TOTAL: $418,343.10

Victim 2's request for restitution was based in part on the expenses of installing new doors

and locks in its home (totaling $17,235).  These doors have not yet been installed in the residence.

Victim Business 2's provided no supporting documents for is claim despite a request for such

documents from undersigned counsel.

## II.  Legal Standard

Although each victim is entitled to a restitution order that reflects the full amount of his or her loss, the amount of restitution that may be awarded is limited to the victims' *provable* actual losses directly and proximately caused by the offense of conviction. *See United States v. Harvey*, 532 F.3d. 326, 339-40 (4th Cir. 2008). "The government bears the burden of proving actual loss by a preponderance of the evidence." *United States v. Harvey*, 532 F.3d 326, 339 (4th Cir. 2008); *see* 18 U.S.C. § 3664(e) ("The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government."). A district court may not "dispense with the necessity of proof . . . and simply 'rubber stamp' a victim's claim of loss based upon a measure of value unsupported by the evidence." *United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015).

## III.  The Government's Requested Restitution Exceeds the Victims' Provable Actual Losses.

Defendant fully accepts responsibility for his actions, understands his restitution responsibilities and intends to pay them. The responsibility is limited, however, to all actual losses caused by his offense and certain amounts requested by the government do not correspond to the victims' actual losses, are unsubstantiated, and/or were not proximately caused by the offense.

*First*, the government requests $17,235 in restitution for Victim 2's future expenditure on installing new security doors and locks in its home.  This includes spending $6,937.00 for an "optional" project widening the front door by cutting existing brick walls and installing steel lentils to support this new door.  According to the Victim, "it's an old house."

This expense, however, is not compensable as restitution. For one, the Government has not proved that these expenditures constitute "loss" at all. Even though Victim 2 might not have made these purchases but for Defendant's conduct, the security improvements to Victim 2's home, which

is occurring well past any criminal conduct, will last into the future, increase the value of the home and consequently, are not true "losses." *See United States v. Ritchie*, 858 F.3d 201, 216 (4th Cir. 2017) (explaining that restitution "does not allow a court to grant a windfall to the victim, and thereby unfairly punish a defendant by requiring him to" compensate the victim for more than the actual loss); *cf. People v. Silva*, No. C080378, 2016 Cal. App. Unpub. LEXIS 6717, 2016 WL 4761936 (Cal. Ct. App. Sept. 13, 2016) (concluding that defendant convicted of burglary was not liable to pay for an improved security system as restitution because "to award that by way of restitution would leave the [victim] better off and thus constitutes an improper windfall").

Next, even if there was some incidental "loss" related to these purchases, these expenses are not proximately caused by Defendant's offense. Restitution does not capture every single consequential damage incurred. "[T]he mere fact that an injury is related to a crime is insufficient for restitution; there must be a direct and proximate connection between the two to support an award." In re Doe, 264 F. App'x 260, 263 (4th Cir. 2007). There simply must be a limit to the restitution that flows from the crime. Not every expense incurred indefinitely into the future that is caused by the crime is payable via restitution.

Here, the expenses for additional security measures are not necessitated by the conduct of the Defendant and too attenuated to the offense. *The doors have not yet been installed at this point, almost five years after the offense.*  Moreover, the new doors are a custom option in the overall quote which suggests that new doors could be installed without the need to create structural changes to the victim's "old house."  There is no plausible showing that Defendant will harass or visit Victim 2's house in the future, which would require Victim 2 to take additional measures. Defendant has refrained from any of the offense conduct for many years and there is no indication that he will continue, given that he has accepted responsibility for his conduct and pleaded guilty.

Accordingly, the yet-to-be-installed very expensive custom door should not be included in a restitution order. *United States v. Wright*, 176 F. App'x 373, 375 (4th Cir. 2006) ("[T]he costs of security personnel after the burglary of the Maryland Galyan's store are consequential damages that are not properly included in the restitution order."); *United States v. Maynard*, 743 F.3d 374, 382 (2d Cir. 2014).

*Second*, the government requests $303,780 in restitution for Victim Business 2, with $302,280 of the total based on the estimate of the value of lost employee time from the disruption to phone lines provided by the victim. Business 2 has provided no documentation or support for this request despite a formal request for such information made by the defense.

Victim Business 2 did not, as the government admits, provide any information or documents showing that its calculation corresponds to the actual loss or showing how it came up with the total time of disruption or the hourly rate of the employees affected. Instead, Victim Business 2 merely stated in conclusory fashion that "Michael Roes disruption of our phones and phone lines was calculated to about 3 hours a day or 15 hours a week," "[d]uration of time was about 11 months or 44 weeks," and that damages equal $302,280. It did not provide any phone records showing the volume or duration of calls, nor did it provide any evidence at all about the lost value of employee time. The Government recognizes this complete lack of information in its pleadings. *See* ECF 65 ("*With regard to the Victim Business request, the [government] does not have any further information to provide. The business did not provide any other documents to support its request for restitution.*").

As courts, including the Fourth Circuit, have made clear, "[r]elying on a victim's bare assertion of its loss is insufficient to support a restitution award." *United States v. Clay*, 162 F.4th 757, 777 (6th Cir. 2025); *United States v. Steele*, 897 F.3d 606, 614 (4th Cir. 2018) (vacating order

of restitution because the government "merely rubberstamped [the victim's] unsupported loss estimate"); *United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) ("[T]he district court erred by relying  exclusively on the one-page loss summaries provided by the victims and in not requiring more detailed explanations of the losses each victim suffered."); *United States v. Menza*, 137 F.3d 533, 539 (7th Cir. 1998) ("[T]he government must provide the district court with more than just the general invoices submitted by [the victims], ostensibly identifying the amount of their losses."). Accordingly, the government has not met its burden in establishing that Victim Business 2 suffered $302,280 in loss from Defendant's criminal conduct.

## IV.    Conclusion

The defendant agrees to all individual losses in this case with the exception of Victim 2's request for the yet be installed custom doors.   He also respectfully objects to the corporate restitution because of the unwillingness of the corporate victim to provide any documentation to support the restitution request.   Accordingly, we ask that the Court order restitution in full to the Individual Victims 1 & 3, and for $7,731.82 for Victim 2.  We also ask that the Court deny restitution to the corporate victim due to its unwillingness to provide any supporting information.

Dated: April 6, 2026

Respectfully submitted,

_____/s/_____                         _____/s/_____
Jonathan L. Fahey                                   Andrew C. White (Federal Bar No. 08821)
Holtzman Vogel                                      SILVERMAN, THOMPSON, LLC
2300 N Street, NW, Suite 643                        400 E. Pratt Street, Suite 900
Washington, DC 20037                                Baltimore, Maryland 21201
(202) 737-8808                                      (410) 385-2225
jfahey@holtzmanvogel.com                            awhite@silvermanthompson.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, a copy of the foregoing Motion was e-filed with the Clerk of the United States District Court of Maryland via CM/ECF, which notifies all counsel.


/s/Andrew White_____
Andrew C. White